UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WARREN HALLER, AND SHAHZAD NAEEM, *individually, and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>– against –<br><br>PANZNER DEMO AND ABATEMENT CORP., CHEROKEE CONTRACTING INC., TODD PANZNER, AND JOHN CIPOLLA,<br><br>Defendants. | Case No.:<br><br>JURY TRIAL DEMANDED<br><br>COMPLAINT |

Plaintiffs, **WARREN HALLER, and SHAHZAD NAEEM** (collectively hereinafter "Plaintiffs"), individually and on behalf of those individuals similarly situated, as class representatives, by and through their attorneys, **ZABELL & COLLOTTA, P.C.**, as and for their Complaint against Defendants **PANZNER DEMO AND ABATEMENT CORP., CHEROKEE CONTRACTING INC., TODD PANZNER, AND JOHN CIPOLLA** (collectively hereinafter "Defendants"), allege as follows:

## I. NATURE OF THE ACTION

1. Plaintiffs bring this action on behalf of themselves, and of those similarly situated current and former employees of Defendants, all of whom have been damaged by Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, specifically 29 U.S.C. § 216(b). Plaintiffs seek recovery of all wages Defendants failed to pay in violation of the FLSA.

2. Plaintiffs also bring this action seeking recovery of all wages Defendants failed to pay in violation of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, Article 8 §§ 220 *et seq.*, and Article 19, §§ 650 *et seq.*, along with concurrent violations of New York State Department of Labor Regulations, and the New York State common law.

3. Plaintiffs, as class representatives, bring this action on behalf of themselves, and of those similarly situated current and former employees of Defendants, pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23 and New York Civil Practice Law and Rules ("C.P.L.R.") Article 9 to recover the wages Defendants failed to pay them in violation of the FLSA and NYLL.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiffs' claims arising under the FLSA pursuant to 28 U.S.C. § 1331.

5. The Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337 and maintains supplemental jurisdiction over Plaintiffs' claims arising under the NYLL pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b)(2), because the acts and omissions giving rise to the claims herein alleged took place in this District.

## II. PARTIES

**Plaintiffs**

7. Individual Plaintiff Warren Haller ("Plaintiff Haller") is a domiciliary of the State of New York, residing in Suffolk County.

8. At all relevant times, Plaintiff Haller was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

9. Individual Plaintiff Shahzad Naeem ("Plaintiff Naeem") is a domiciliary of the State of New York, residing in Suffolk County.

10. At all relevant times, Plaintiff Naeem was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

11. At all relevant times, Plaintiffs Haller and Naeem were each an "employee" within the meaning of Section 190(2) of the NYLL, and N.Y. Lab. Law § 190(2).

12. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

**Defendants**

13. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

14. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Panzner Demo and Abatement Corp. ("Panzner") and

Defendant Cherokee Contracting Inc. ("Cherokee") each are enterprises engaged in commerce or in the production of goods for commerce.

15. At all relevant times, Panzner had, and continues to have, two (2) or more employees who handle goods or materials that have moved in interstate commerce, including materials and equipment that originated outside of the State of New York.

16. At all relevant times, Cherokee had, and continues to have, two (2) or more employees who handle goods or materials that have moved in interstate commerce, including materials and equipment that originated outside of the State of New York.

17. This includes Plaintiff Haller, who worked as a laborer, and Plaintiff Naeem, who worked as a mechanic.

18. Upon information and belief, the gross annual volume of sales made, or business done by Panzner for the years 2022, 2023, 2024, and 2025 was not less than $500,000.00.

19. Upon information and belief, the gross annual volume of sales made, or business done by Cherokee for the years 2022, 2023, 2024, and 2025 was not less than $500,000.00.

**Defendant Panzner Demo and Abatement Corp.**

20. Upon information and belief, Panzner is a domestic business corporation duly organized and existing under the laws of the State of New York.

21. Upon information and belief, Panzner maintains a place of business located at 88 Barthold Ave., Patchogue, New York 11772.

**Defendant Todd Panzner**

22. Upon information and belief, Defendant Todd Panzner is the owner and operator of Panzner Demo and Abatement Corp.

23. At all relevant times, Defendant Todd Panzner was an individual engaged in business within the judicial district.

24. Upon information and belief, Defendant Todd Panzner was and continues to be an owner, officer, director, member, and/or managing agent of Panzner.

25. At all relevant times, Defendant Todd Panzner exercised operational control over Panzner, controlling significant business functions of Panzner, determined employee compensation and salaries, made hiring decisions, and acted on behalf of and in the interest of Panzner in devising, directing, and implementing company policies, maintaining its employee records, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

26. At all relevant times, Defendant Todd Panzner was an "employer" within the meaning of the FLSA and the NYLL.

**Defendant Cherokee Contracting Inc.**

27. Upon information and belief, Cherokee is a domestic business corporation duly organized and existing under the laws of the State of New York.

28. Upon information and belief, Defendant Cherokee maintains a place of business located at 61 1st Ave., Bay Shore, New York 11706.

**Defendant John Cipolla**

29. Upon information and belief, Defendant John Cipolla is the owner and operator of Cherokee.

30. At all relevant times, Defendant John Cipolla was an individual engaged in business within the judicial district.

31. Upon information and belief, Defendant John Cipolla was and continues to be an owner, officer, director, member, and/or managing agent of Panzner.

32. At all relevant times, Defendant John Cipolla exercised operational control over Cherokee, controlling significant business functions of Cherokee, determined employee compensation and salaries, made hiring decisions, and acted on behalf of and in the interest of Cherokee in devising, directing, and implementing company policies, maintaining its employee records, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

33. At all relevant times, Defendant John Cipolla was an "employer" within the meaning of the FLSA and the NYLL.

## III. STATEMENT OF FACTS

**Plaintiff Warren Haller**

34. Plaintiff Haller was employed by Defendants as a driver.

35. At all times relevant to the Complaint, Plaintiff Haller was considered "non-exempt" under both the FLSA and NYLL.

36. Plaintiff Haller began working for Defendant Panzner on or about June 2016.

37. During his employment from 2019 to 2020, Plaintiff Haller was paid an hourly rate of thirty dollars and zero cents ($30.00) per hour for each and every hour worked.

38. During his employment from 2021 to 2024, Plaintiff Haller was paid an hourly rate of thirty-one dollars and zero cents ($31.00) per hour for each and every hour worked.

39. During his employment for 2025, Plaintiff Haller was paid an hourly rate of thirty-three dollars and zero cents ($33.00) per hour for each and every hour worked.

40. Throughout his employment with Defendant Panzner, Plaintiff Haller consistently worked from 7:00 a.m. to 5:00 p.m. during the work week, however, he would often work beyond these scheduled hours when Defendant Panzner required him to do so.

41. Based on the foregoing, Plaintiff Haller regularly worked in excess of forty (40) hours each week of his employment.

42. Throughout Plaintiff Haller's employment, it was Defendant Panzner's policy to pay an overtime premium only for hours worked in excess of fifty (50) hours each work week, in violation of the FLSA and the NYLL.

43. While Plaintiff Haller regularly worked in excess of forty (40) hours each work week for Defendant Panzner, he was not paid an overtime premium of one-and-one-half times his base pay rate for all hours worked in excess of forty (40) a week.

44. On or about May 2024, Defendant Panzner merged part of its business with Defendant Cherokee.

45. As part of this merger, Defendant Panzner sold machinery to Defendant Cherokee. In addition to the sale of machinery, Defendant Panzner's employees were offered positions with Defendant Cherokee.

46. On or about May 1, 2024, Plaintiff Haller accepted a position with Defendant Cherokee, and began working as a driver.

47. Plaintiff Haller left his employment with Defendant Cherokee on March 5, 2025.

48. Throughout his employment with Defendant Cherokee, Plaintiff Haller worked in excess of forty (40) hours a week, as he had for Defendant Panzner.

49. However, Defendant Cherokee also maintained a policy to pay overtime for only those hours worked in excess of fifty (50) hours each work week, in violation of the FLSA and the NYLL.

50. While Plaintiff Haller regularly worked in excess of forty (40) hours each work week for Defendant Cherokee, he was not paid an overtime premium of one-and-one-half times his base pay rate for all hours worked in excess of forty (40) a week.

51. Based upon this policy of underpayment, Defendants knowingly violated the FLSA and NYLL when they failed to pay Plaintiff Haller an overtime premium of one and a half times his base hourly rate of pay for all hours worked in excess of forty (40) hours a week.

52. Plaintiff Haller is owed overtime premiums of one-and-one-half times his base rate of pay for all hours worked in excess of forty (40) per work week.

**Plaintiff Naeem Shahzad**

53. Plaintiff Naeem was employed as a mechanic for Defendant Panzner, performing inspection, maintenance, and repair duties on vehicles or mechanical systems.

54. In addition, Plaintiff Naeem performed non-mechanical work during his employment with Defendant Panzner.

55. At all times relevant to the Complaint, Plaintiff Naeem was considered "non-exempt" under both the FLSA and NYLL.

56. On or about May 2024, Plaintiff Naeem accepted a position with Defendant Cherokee as part of the 2024 merger with Defendant Panzner.

57. Plaintiff Naeem continued to work for Defendant Cherokee as a mechanic, however, he frequently performed duties that were outside the scope of his assigned position as a mechanic.

58. For example, Plaintiff Naeem was regularly instructed to perform demolition work for Defendant Cherokee.

59. Throughout his employment, Plaintiff Naeem would be required to work at for Defendants from approximately 6:00 a.m. to 5:00 p.m., however, he would often work beyond these scheduled hours whenever Defendants required him to do so.

60. Throughout his employment with Defendants, Plaintiff Naeem was paid an hourly rate of forty dollars and zero cents ($40.00) per hour

61. Based on the foregoing, Plaintiff Naeem frequently worked in excess of forty (40) hours each week of his employment.

62. Throughout Plaintiff Naeem's employment, it was Defendants' policy to pay overtime only for hours worked in excess of fifty (50) hours each work week, in violation of the FLSA and the NYLL.

63. Plaintiff Naeem regularly worked in excess of forty (40) hours each work week for Defendants, but was not paid an overtime premium of one-and-one-half times his base pay rate for all hours worked in excess of forty (40) a week.

64. Plaintiff Naeem is owed overtime premiums of one-and-one-half times his base rate of pay for all hours worked in excess of forty (40) per work week.

**Defendants' Failure to Pay Plaintiffs' Prevailing Wage**

65. Upon information and belief, Defendants entered into contracts, as prime contractors or subcontractors, with various public agencies to serve as a contractor, providing demolition and constructing projects, all of which were for the benefit the public (the "Public Works Projects").

66. Upon information and belief, Plaintiffs were at all times third-party beneficiaries to Defendants' contracts for the aforementioned Public Works Projects.

67. During the relevant periods, Plaintiffs worked on Public Works Projects at the direction and for the exclusive benefit of Defendants.

68. Upon information and belief, Defendants were required to pay Plaintiffs (and the putative class members) at or above the local prevailing hourly wage rates for each hour worked on Public Works Projects.

69. Upon information and belief, Defendants were required to pay Plaintiffs (and the putative class members) supplemental benefits for each hour Plaintiffs worked on Public Works Projects.

70. Upon information and belief, Defendants were required to pay Plaintiffs (and the putative class members) overtime premiums for each hour worked in excess of forty (40) per week, and for each hour worked in excess of eight (8) per day that Plaintiffs worked on Public Works Projects.

71. Upon information and belief, Defendants were required to pay Plaintiffs (and the putative class members) at a Saturday premium rate of one-and-one-half

times the prevailing wage rate for each hour worked on Saturdays, regardless of whether Plaintiffs worked in excess of forty (40) hours per week each week that Plaintiffs (and the putative class members) worked on Public Works Projects.

72. Upon information and belief, Defendants were required to pay Plaintiffs (and the putative class members) at a Sunday premium rate of double the prevailing wage rate for each hour worked on Saturdays, regardless of whether Plaintiffs worked in excess of forty (40) hours per week each week that Plaintiffs (and the putative class members) worked on Public Works Projects.

73. Defendants failed to pay Plaintiffs (and the putative class members) the proper prevailing wage rates for each hour worked on Public Works Projects.

74. Defendants failed to provide Plaintiffs (and the putative class members) with the proper supplemental benefits rate for all work performed on Public Works Projects.

75. Defendants failed to pay Plaintiffs (and the putative class members) the proper prevailing wage overtime premiums for each hour worked in excess of forty (40) hours per week, and for each hour worked in excess of eight (8) hours per day on Public Works Projects.

76. Defendants failed to pay Plaintiffs (and the putative class members) the proper prevailing wage rates for each hour worked on Saturdays on Public Works Projects.

77. Defendants failed to pay Plaintiffs (and the putative class members) the proper prevailing wage rates for each hour worked on Sunday on Public Works Projects.

**Plaintiff Haller's Prevailing Wage Job Sites**

78. Plaintiff Haller worked on Public Works Projects for Defendants from on or about 2016 through March 5, 2025.

79. Defendants directed Plaintiff Haller to perform work as a laborer on Defendants' prevailing wage job sites.

80. Plaintiff Haller regularly dropped off and picked up materials for Defendants at their prevailing wage job sites. While waiting to pick materials up, Defendants directed Plaintiff Haller to exit his company vehicle and to perform work as a laborer on these job sites, for the benefit, and at the direction, of Defendants.

81. Plaintiff Haller typically worked between one (1) to three (3) hours as a laborer at Defendants' prevailing wage job sites in between his pick-up and delivery schedule as a driver throughout his employment with Defendants.

82. Plaintiff Haller performed manual labor for Defendants at multiple job sites throughout his employment, including, but not limited to, the Town of Brookhaven School District.

83. Despite performing work on these prevailing wage job sites, Defendants did not pay Plaintiff Haller at the appropriate prevailing wage rate, or provide

supplemental benefits, for each hour he performed work on Defendants' Public Work Projects.

**Plaintiff Naeem's Prevailing Wage Job Sites**

84. Plaintiff Naeem also frequently performed work for Defendants on Public Works Projects as a mechanic.

85. In addition, Defendant Cherokee frequently instructed Plaintiff Naeem to perform demolition work on Public Works Projects throughout the course of his work day.

86. On days where he performed work on Public Works Projects, Plaintiff Naeem typically started working at Defendant's body shop between 6:00 a.m. and 7:00 a.m. From there, Defendants instructed Plaintiff Naeem to travel to prevailing wage sites to perform demolition work, and then return to Defendant Cherokee's body shop, where he would continue work for Defendants from 8:00 p.m. to 10:00 p.m. on non-prevailing wage work.

87. During his employment with Defendant Cherokee, Plaintiff Naeem performed demolition work on Public Works Projects, including, but not limited to, Shelter Rock school district and White Plains school districts.

88. Despite working on Defendants' Public Works Projects, Plaintiff Naeem was not paid prevailing wage, or provided supplemental benefits, for each hour he performed work on prevailing wage job sites for Defendants.

## IV. COLLECTIVE ACTION ALLEGATIONS

89. Plaintiffs bring the First Claim for Relief asserted herein as an opt-in collective action pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), and Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves, as class representatives, and all non-exempt persons employed by Defendants on or after the date that is three (3) years before the filing of the Complaint in this case, as defined herein (the "FLSA Subclass").

90. Plaintiffs bring the Second and Third Claims asserted herein as an opt-in collective action pursuant to the NYLL, and Rule 23 of the Federal Rules of Civil Procedure on behalf of himself, as class representative, and all non-exempt persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case, as defined herein (the "NYLL Subclass").

91. The Rule 23 Class members are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the Rule 23 Class members via First Class mail to the last address known to the Defendants.

92. At all relevant times, Plaintiffs and the Rule 23 Class members are and have been similarly situated, and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally

required minimum wages, overtime wage for all hours worked in excess of forty (40) hours per work week. These Plaintiffs' claims are essentially the same as those of The Rule 23 Class members.

93. The Rule 23 Class members are so numerous that joinder of all members is impractical, and the disposition of their claims as a class will benefit the parties and the Court.

94. Plaintiffs' claims are typical of those claims that could be alleged by any of The Rule 23 Class members, and the relief sought is typical of the relief which would be sought by each FLSA Collective Plaintiffs in separate actions.

95. Plaintiffs and The Rule 23 Class members have all been injured in that they have been uncompensated, or under-compensated by Defendants' common policies, practices, and patterns of conduct. Defendants' policies and practices affected all FLSA Collective Plaintiffs similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each FLSA Collective Plaintiffs.

96. Plaintiffs are able to represent the interests of The Rule 23 Class members fairly and adequately, and have no interests adverse to the putative class members.

97. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs and classes in wage and hour cases on this court.

98. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

99. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual FLSA Collective Plaintiffs are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for The Rule 23 Class members to redress the wrongs done to them. Furthermore, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant savings of these costs.

100. The prosecution of separate actions by FLSA Collective Plaintiffs would create a risk of inconsistent and/or varying litigations with respect to the individual FLSA Collective Plaintiffs, establishing incompatible standards of conduct for Defendants and resulting in the impairment of The Rule 23 Class members' rights and the disposition of their interests through action to which they were not parties. The issues in this action can be decided by means of common, class-

wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

101. Common questions of law and fact exist as to the Rule 23 Class members that predominate over any questions only affecting Plaintiffs and the Rule 23 Class members individually and include, but are not limited to, the following:

a. whether Defendants properly compensated Plaintiffs and the Rule 23 Class members for hours worked in excess of forty (40) per workweek;

b. whether Defendants correctly compensated Plaintiffs and the Rule 23 Class members at prevailing wage rates and provided supplemental benefits for all hours worked on Public Works Projects;

c. whether Defendants' policy of failing to pay worker was instituted willfully, or with reckless disregard of the law;

d. whether Defendants provided wage notices to Plaintiffs and the Rule 23 Class members;

e. whether Defendants provided wage statements to Plaintiffs and the Rule 23 Class members;

f. and the nature and extent of class-wide injury and the measure of damages for those injuries.

102. Plaintiffs reserve the right to redefine the Rule 23 Class members prior to notice or collective certification, and thereafter, as necessary.

## V. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 *ET SEQ.*
### FAILURE TO PAY OVERTIME

103. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs.

104. At all relevant times, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

105. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

106. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

107. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

108. However, no Section 13 exceptions apply to Plaintiffs because they did not meet the requirements for coverage under the exemptions during the relevant period of their employment.

109. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

110. Defendants did not act in good faith with respect to the conduct alleged herein.

111. As a result of Defendants' violations of the FLSA, Plaintiffs have incurred significant financial harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 5 AND 19**
**FAILURE TO PAY OVERTIME**

112. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs.

113. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

114. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per work week in the manner and methods provided by 12 N.Y.C.R.R. §§ 142-2.2.

115. By the above-alleged conduct, Defendants failed to pay Plaintiffs' overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

116. By the above-alleged conduct, Defendants failed to pay Plaintiffs' overtime compensation for the time periods in which they worked in excess of forty (40) hours a week for Defendants.

117. Plaintiffs were not exempt from the overtime provisions of the New York Labor Law during the relevant period of his employment, because they did not meet

the requirements for any of the reduced number of exemptions available under New York law.

118. Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

119. Defendants did not act in good faith with respect to the conduct alleged herein.

120. As a result of Defendants' violations of the NYLL, Plaintiffs incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, pre-judgement and post-judgement interest.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 8, §§ 220 *et seq.***
**THIRD PARTY BENEFICIARIES – FAILURE TO PAY**
**PREVAILING WAGES AND SUPPLEMENTAL BENEFITS**

121. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs.

122. Upon information and belief, Defendant Panzner and Defendant Cherokee entered into contracts for prevailing wage jobs that contained schedules of the prevailing rates of wages and supplemental benefits to be paid to its employees, including Plaintiffs.

123. These contractual provisions were included for the direct benefit of Plaintiffs, as well as other employees of Defendant Panzner and Defendant Cherokee, who performed work on the covered Public Works Projects.

124. The contracts for the Public Works Projects incorporated all requirements of the NYLL, including but not limited to, the payment of prevailing wages and supplemental benefits under NYLL § 220.

125. As such, the contracts intended, *inter alia*, for the payment of prevailing wages and supplemental benefits as a benefit for all laborers, and demolition workers who worked on the Public Works Projects.

126. At all times relevant to this action, Plaintiffs performed labor on the Public Works Projects for the benefit of, and at the direction of Defendant Panzner and Defendant Cherokee.

127. Upon information and belief, and pursuant to these agreements, workers providing services and/or performing work at Public Works job sites should have been paid at the appropriate prevailing wage rate.

128. Plaintiffs and other beneficiaries of these agreements were also entitled to receive overtime compensation in accordance with their respective prevailing wage schedules and the requirements of NYLL § 220, *et seq.*

129. These agreements were legally valid and binding.

130. Notwithstanding the foregoing, Defendants failed to compensate Plaintiffs at the appropriate prevailing wage rate.

131. Additionally, Defendants failed to compensate Plaintiffs with the appropriate supplemental benefits.

132. Defendant Panzner and Defendant Cherokee violated the terms of these agreements for each Public Works Projects by willfully failing to pay and

ensure payment to Plaintiffs at the prevailing rates of wages and supplemental benefits for all labor performed by Plaintiffs upon the Public Works Projects.

133. Due to Defendants' breach of these agreements, and violations of NYLL § 220, *et seq.*, Plaintiffs are entitled to recover from Defendants unpaid wages, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF COMMON LAW**
**UNJUST ENRICHMENT- PLED IN THE ALTERNATIVE**

134. Plaintiffs repeat and reallege every preceding allegation as if set forth fully herein.

135. Defendants entered into Agreements for the provision of services on Public Works Projects.

136. Plaintiffs and other beneficiaries of the Agreements were also entitled to receive overtime compensation in accordance with the requirements of New York Lab. Law § 220 *et seq.*

137. These Agreements were legally valid and binding.

138. Upon information and belief, the Agreements included terms requiring compensation at the applicable prevailing wage rate.

139. Plaintiffs are each third-party beneficiaries to these agreements because they performed work on at these Public Works project for Defendants.

140. Defendants have enjoyed and received the benefit of Plaintiff's services.

141. By failing to appropriately compensate Plaintiffs, Defendants have been

unjustly enriched.

142. Additionally, by failing to provide Plaintiffs with the appropriate supplemental benefits, Defendants have been unjustly enriched.

143. Defendants have also been unjustly enriched by failing to provide Plaintiffs with all overtime compensation earned.

144. As a result of Defendants' unlawful practices, Plaintiffs have suffered a loss of wages and income and Defendants have been unjustly enriched.

145. Defendants scheme and resulting unjust enrichment run contrary to public policy.

146. Due to Defendants' unjust enrichment, Plaintiffs are entitled to recover from Defendants unpaid wages and overtime, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF COMMON LAW**
***QUANTUM MERUIT* – PLED IN THE ALTERNATIVE**

147. Plaintiffs repeats and realleges every preceding allegation as if set forth fully herein.

148. Defendants entered into agreements for the provision of services on Public Works job sites.

149. This Agreement was legally valid and binding.

150. Upon information and belief, these agreements contained provisions regarding compensation at the prevailing wage rate.

151. Upon information and belief, these agreements contained provisions regarding

compensation for supplemental benefits.

152. Plaintiffs are third-party beneficiary to these agreements because they performed work at these Public Works Projects for Defendants.

153. Plaintiffs performed all of their duties for Defendants in good faith during their employment.

154. Plaintiffs expected to receive compensation at the appropriate prevailing wage rate.

155. The fair and reasonable value of the services rendered by Plaintiff are their normal hourly rates, and the applicable prevailing wage rates for laborers at all relevant times relevant to the Complaint, for each and every hour Plaintiff performed work for Defendants. Including any applicable benefits and premiums to these hours worked.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW § 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

156. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

157. Pursuant to NYLL § 195(1), employers are required to provide employees, at the time of hiring, a written notice containing, *inter alia*, the rate of pay, the basis thereof, and the employer's regular pay rate.

158. Defendants failed to provide Plaintiffs with the written wage notice required by NYLL § 195(1) at the time of hiring or at any time thereafter.

159. Defendant's failure to provide the wage notice was willful and not in good faith.

160. As a result of Defendant's violation of NYLL § 195(1), Plaintiff is entitled to recover statutory damages of fifty dollars ($50.00) for each workday the violation occurred or continued to occur, or a total of $5,000.00, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK LABOR LAW §195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

161. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

162. Pursuant to NYLL § 195(3), employers are required to provide employees with accurate wage statements each time wages are paid, setting forth, inter alia, the dates of work covered, the rate of pay, the number of hours worked, gross wages, deductions, and net wages.

163. Defendants failed to provide Plaintiffs with accurate wage statements as required by NYLL § 195(3). The wage statements that were provided, if any, did not properly reflect the hours worked, overtime hours, rate of pay, or other information required by law.

164. Defendants' failure to provide the wage notice and accurate wage statements was willful and not in good faith.

165. As a result of Defendant's violation of NYLL § 195(3), Plaintiff is entitled to recover statutory damages of two hundred fifty dollars ($250.00) for each workday that the violations occurred or continue to occur, or a total of

$5,000.00, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-d (2016).

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated individuals, by and through their attorneys, Zabell & Collotta, P.C., respectfully request this Court grant the following relief:

A. Certifying this matter as a class action as soon as practicable and appointing Plaintiffs as class representatives and Plaintiffs' counsel as class counsel;

B. Allow Plaintiffs to give notice of this collective action, or that the Court issue such notice, to all non-exempt who are presently, or have at any time during the three (3) years preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

C. A declaratory judgement finding that the Defendants committed one or more of the following acts:

1. Willful violation of provisions of the FLSA by failing to pay Plaintiffs overtime compensation;

2. Willful violation of the provisions of the NYLL by failing to pay Plaintiffs overtime compensation;

3. Willful violation of the rights of the Plaintiffs as third party beneficiaries to the public works contracts and/or statutory obligation by failing to pay Plaintiffs and the putative class members the prevailing rates of wages and supplemental benefits.

4. Willful violation of the provisions of the NYLL by failing to provide wage notices.

5. Willful violation of the provisions of the NYLL by failing to provide wage statements.

6. Defendants are liable under the doctrine of equitable relief, including but not limited to unjust enrichment, quantum meruit, and third-party beneficiaries.

D. Defendants, their agents, employees, officers, and successors in interest, be enjoined from engaging in the illegal and unlawful customs, policies, and practices described herein;

E. Award Plaintiffs (and the putative class members) compensatory damages, including all overtime compensation and prevailing wage compensation, presently due and owing;

F. Award Plaintiffs (and the putative class members) liquidated damages;

G. An award to Plaintiffs and the putative class members for pre-judgment and post-judgement interest on all NYLL overtime compensation and minimum wages due accruing from the date such amounts were due;

H. Award Plaintiff statutory damages under the NYLL;

I. Award Plaintiffs all equitable damages under New York State law.

J. An award to Plaintiffs for all costs and expenses of this action, together with reasonable attorneys' fees pursuant to the NYLL; and

K. Provide such further relief as the Court deems just and equitable.

Dated: Bohemia, New York
November 10, 2025

**ZABELL & COLLOTTA, P.C.**
*Attorneys for Plaintiffs*

By: ______________________________
Saul D. Zabell, Esq.
Anthony T. Masciana, Esq.
1 Corporate Drive, Suite 103
Bohemia, New York 11716
Tel. (631) 589-7242
Fax. (631) 563-7475
szabell@laborlawsny.com
amasciana@laborlawsny.com